IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas E. Perez, Secretary      :
of Labor,

       Plaintiff,              :

   v.                                :       Case No. 2:16-cv-612

Thomas E. Potts, Jr., et al.,  :       JUDGE JAMES L. GRAHAM
                                              Magistrate Judge Kemp
       Defendants.            :

OPINION AND ORDER

     The Secretary of Labor filed this action under 29 U.S.C. §1132(a)(2) and (5), alleging that Defendants Thomas E. Potts and Fiduciary Trust Services, Inc. (FTS), violated ERISA in connection with an ESOP stock purchase which took place on January 28, 2011.  In that transaction, the ESOP of Triple T Transport, Inc., purchased 80% of the outstanding stock of the company for $17.46 million.  The Secretary alleges that Mr. Potts, who was the trustee of the ESOP and an agent and employee of Fiduciary Trust Services, did not act prudently with respect to the transaction even though he retained a separate company to value the stock and that company (ComStock Valuation Appraisers) concluded that the stock was worth more than the proposed purchase price.  The Secretary contends that the valuation was flawed for several reasons and resulted in an over-valuation of the stock by almost $6 million above fair market value.  It asks the Court to order the Defendants to "restore all losses caused to the ESOP as a result of their fiduciary breaches" and to undo the purchase.

     At relevant times, FTS and/or Mr. Potts had insurance through Gemini Insurance Company.  They believe that the claims

made against them in the complaint are covered under the Gemini policy. Gemini apparently disagrees, and has moved to intervene in this case for purposes of obtaining a declaratory judgment as to its obligations. Defendants do not oppose the intervention, but the Secretary does. The motion to intervene (Doc. 10) is now fully briefed. For the following reasons, the motion will be granted.

## I. Background

Mr. Potts and/or FTS have been insured by Gemini for some time. According to Gemini's motion, only two policies are relevant to this case - one issued for the time period from September 1, 2014 to August 31, 2015, and one for the succeeding twelve-month period. Both are "claims-made" policies. It appears that neither Defendant made a claim under the earlier policy. Gemini asserts that both Mr. Potts and FTS were aware during that policy period that the Department of Labor was going to assert the claims against them which have ripened into this lawsuit, and that by failing to make the claims during the correct policy period (the earlier of the two) and not notifying Gemini prior to its issuance of the later policy that these claims were pending, Defendants have forfeited any coverage they may otherwise have enjoyed. Gemini contends that it has an economic interest in the outcome of this case and that the coverage issues it wishes to raise might be impacted by the way the claims between the Secretary and the Defendants are resolved. It seeks intervention as of right under Fed.R.Civ.P. 24(a) and, alternatively, permissive intervention under Rule 24(b).

The Secretary opposes intervention, arguing that Gemini should simply litigate its state-law contract dispute with Defendants in a different case. The Secretary disputes Gemini's claim that it is entitled to intervene as of right, arguing that Gemini does not have a "substantial legal interest" in the action

as required by Rule 24(a), and also argues that there are no common questions of law or fact between the Secretary's ERISA-based claim and the coverage dispute which Gemini seeks to litigate which would justify intervention under Rule 24(b).  The Court will begin its analysis with Rule 24(a).

## II.  Intervention as of Right

Fed.R.Civ.P. 24(a) reads in full as follows:

> (a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In Bradley v. Milliken, 828 F.2d 1186 (6th Cir. 1987), the Court of Appeals provided a comprehensive explanation of the functioning of this Rule.  With respect to intervention as of right under Rule 24(a)(2), Milliken indicates that, first, the application must be timely.  Whether an application for intervention is timely must be evaluated in light of the purpose for which intervention is sought, the length of time that the intervenor has known about the interest in the litigation, whether any of the original parties to the litigation would be prejudiced, and the stage to which the lawsuit has progressed when intervention is sought.  See also Michigan Association for Retarded Citizens v. Smith, 657 F.2d 102, 105 (6th Cir. 1981), holding that the stage to which a lawsuit has progressed is only one factor in the inquiry and is not dispositive, and that the court must also consider whether there are any "unusual circumstances" militating either in favor of or against

intervention.

Second, in order to intervene as of right, a party must have an interest in the subject matter of the suit.  Milliken indicates that this requirement must be liberally construed. Id. at 1192.  However, the interest must be direct and substantial rather than peripheral or speculative.  Grubbs v. Norris, 870 F.2d 343 (6th Cir. 1989); Meyer Goldberg, Inc. v. Goldberg, 717 F.2d 290 (6th Cir. 1983).

Next, the intervenor's ability to protect its interest must somehow be impaired by the disposition of the case. Grubbs, supra; Triax Co. v. TRW, Inc., 724 F.2d 1224, 1227 (6th Cir. 1984).  Finally, the interest which the intervenor seeks to assert must not be adequately represented by the existing parties to the suit.  Milliken, supra, at 1192. Ordinarily, where the intervenor and an existing party have the same ultimate objective in the litigation, the representation of the intervenor's interest by the existing party is presumed to be adequate, and the intervenor bears the burden of demonstrating the inadequacy of that party's representation of his interests.  Meyer Goldberg, Inc. v. Goldberg, supra, at 293; see also In re General Tire and Rubber Co. Securities Litigation, 726 F.2d 1075, 1087 (6th Cir. 1984).  However, the burden is not a particularly heavy one, and is satisfied if the intervenor can show that there is substantial doubt about whether his interests are being adequately represented by an existing party to the case.  National Wildlife Federation v. Hodel, 661 F.Supp. 473 (E.D. Ky. 1987); see Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972).

Gemini asserts that it meets all four of these requirements. Since the Secretary does not argue that the motion was untimely - and it clearly was not - there is no need for further discussion

-4-

of that factor.  The Secretary does take issue with the proposition that Gemini has a direct and substantial (rather than peripheral or speculative) interest in the case, however, so the Court's analysis will focus on that factor.

The interest which Gemini identifies in its motion is "an economic interest in the subject matter of this lawsuit."  Motion to Intervene, Doc. 10, at 9.  It argues that such an interest is present whenever a proposed intervenor "may be forced to pay litigation costs or have an economic interest that is contingent on the outcome of the lawsuit...."  Id. at 10.  That is the case here, according to Gemini, because the Defendants now claim that insurance coverage is available to cover their potential liability, and the Secretary may ultimately make the same argument in a direct action which could be brought if Defendants prove unable to pay the full amount of any judgment rendered.  It cites to numerous decisions where such intervention has been allowed, and also argues that being forced to litigate coverage in a different case would itself impair its economic interests and also might have no effect on a direct action brought under O.R.C. §3929.06(A)(2) unless the Secretary were made a party to the coverage suit – in which case it simply is more efficient to use this case, where the Secretary is already a party, as the vehicle to litigate the coverage question.

The Secretary's counter-argument is simple.  It characterizes Gemini's interest in the outcome of this case as "contingent" because the question of whether Gemini actually has some economic interest here is entirely dependent on the resolution of the coverage issue.  The Secretary cites to numerous decisions which, it asserts, treat such a contingent interest as an inadequate basis for intervention under Rule 24(a).

The Court begins with a brief review of the cases upon which

the parties rely. The primary case cited by the Secretary is Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989). There, a group of insurers sought to intervene in an action which was brought against their insured for indemnification for certain environmental clean-up costs. The insurers had reserved their right to deny coverage for those costs. The District Court denied the motion to intervene. The Court of Appeals first addressed the issue of intervention of right under Rule 24(a), and particularly the question of whether the insurers had demonstrated a sufficient interest in the subject matter of the underlying case.

In its analysis, the Dingwell court identified three possible interests which the insurers might have had in the indemnification action: (1) minimizing their insured's liability; (2) obtaining a determination that the claims against the insured were not covered by the policies or had been waived; and (3) staying the indemnification action until they could obtain a declaratory judgment about coverage. Id. at 638. Recognizing that "[t]here is no precise and authoritative definition of the interest required to sustain a right to intervene under Rule 24(a)(2)", the court found the first claimed interest to be contingent based upon the fact that the insurer denied coverage. The second interest, it said, was simply unrelated to the issues in the underlying case, which dealt exclusively with the potential liability of the insured, and not with the issue of insurance coverage. As to the third, the court concluded that it was really no different from the first two. It did recognize, however, that having coverage determined first was an important interest, but that it could be protected through permissive intervention under Rule 24(b). It also affirmed denial of intervention under that rule, but under a deferential standard of review which, in the court's view, rendered a district court's

exercise of discretion to deny permissive intervention practically unreviewable. Id. at 641.

Dingwell's key holding - that in the absence of conceding coverage, an insurer has only a contingent interest in the subject matter of a case against its insured - has not been uniformly accepted. For example, in Ross v. Marshall, 426 F.3d 745 (5th Cir. 2005), the Court permitted an insurer to intervene in a case against its insured after judgment had been entered, and for purposes of pursuing an appeal, even though the insurer had reserved its right to deny coverage. Although that court distinguished Dingwell on grounds that, in that case, the insurer sought to intervene before liability had been established, meaning that the insurer's liability depended both upon an unfavorable outcome in the underlying case and an unfavorable outcome in any coverage litigation, it also stressed that "'the interest 'test' is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" Id. at 757 (citation omitted). It considered, as an important factor, the fact that the insurer was not intervening for the purpose of controlling or interfering with the defense of the insured or in order to steer the jury into returning a verdict favoring the insured based on a consideration of coverage questions. Other courts, too, have stressed the practical goals served by the "interest test" and have rejected any hard and fast rule that an interest which is contingent on the outcome of the case is, *per se*, a disqualifying factor. See, e.g., San Juan county, Utah v. United States, 503 F.3d 1163, 1203 (10th Cir. 2007)("'Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation,'" quoting United States v. Union Elec. Co., 64 F.3d 1152, 1162 (8th Cir.

1995)).  That concept seems to have been embraced by the Sixth Circuit Court of Appeals in Purnell v. City of Akron, 925 F.2d 941, 947-48 (6th Cir. 1991), where the court treated an interest in a case which was clearly contingent on the outcome of other proceedings - in that case, paternity proceedings which would determine whether the intervenors had a legally protectable interest in the wrongful death action at issue - as one which could support intervention under Rule 24(a).

    The upshot of this conceptual disagreement is that it is possible to find cases which support the right of an insurer to intervene even when it has denied coverage, and cases which reach the opposite conclusion.  Each party has cited at least one such decision.  Compare In re Nitschke, 2008 WL 141510 (Bankr. N.D. Ohio Jan. 11, 2008)(allowing insurer to intervene in adversary action) with Joe Hand Promotions, Inc. v. Buren, 2015 WL 5675112 (N.D. Ohio Sept. 25, 2015)(finding an interest in resolving coverage issues insufficient to satisfy Rule 24(a)).  There is no definitive ruling from the Court of Appeals for this circuit on the issue.  That means that this Court has a substantial amount of discretion to resolve the issue either way.

    All of the cases cited thus far which have allowed intervention as of right have one thing in common - the reason that the insurer was permitted to intervene was not simply to obtain a declaration as to coverage.  So, for example, in Ross v. Marshall, the insurer asked to intervene in order to prosecute an appeal which would, if successful, minimize or eliminate the liability of its insured (the insured in that case had fired his counsel and assigned all of his rights against his insurer to the judgment creditors).  In the Nitschke case, the way in which the insured's conduct was ultimately characterized - whether it was willful and malicious or not - would determine whether there was coverage, and the insurer faced the prospect of being

collaterally estopped from denying coverage if the insured's conduct was determined to be merely negligent. That same factor supported intervention in another decision which Gemini relies on, <u>Vasandani v. Dublin Green Condominium Owners' Ass'n</u>, 2014 WL 2695499 (S.D. Ohio June 13, 2014). None of these cases involved an issue like the notice problem which Gemini has identified in its motion.

However, in its reply brief, Gemini raises another issue which it contends is pertinent to the coverage issue. It argues that even if timely notice was given, FTS and Mr. Potts had no insurance coverage for knowingly breaching their fiduciary duties. The complaint makes no mention of such conduct, but one of the letters written by the Department of Labor to Defendants (Exhibit 3 to Gemini's motion to intervene) does, stating that a civil penalty of 20% can be assessed against anyone who knowingly participates in a breach of fiduciary duty. To that extent, the nature of the Defendants' conduct may well be at issue in the case, and there is some force to Gemini's claim that it could be collaterally estopped from relitigating any determination that the Defendants' conduct did not rise to that level - thus eliminating one of the defenses which Gemini has on the issue of coverage. Defendants, of course, have an interest in making sure that they are not found to have committed an intentional act, both because it would reduce their potential liability but also because it might trigger insurance coverage if the notice issue is resolved in their favor. This consideration brings this case into line with those decisions which have permitted intervention, although it would suggest that the reason for intervention would be to permit Gemini to weigh in on the question of whether Defendants acted knowingly and willfully, rather than to litigate the notice issue.

The Court does have a concern about how inserting the

notice issue into this case might affect the Court's ability to, as the Marshall decision notes, dispose of the case with "efficiency and due process." Gemini has suggested that resolving the notice issue first might promote efficiency because it can have an impact on settlement. That may or may not be the case. If the notice question is resolved in Defendants' favor, Gemini retains other defenses to coverage, including the issue of the nature of any wrongful conduct Defendants may have engaged in, and that issue will not likely be decided until the Secretary's claim is resolved on its merits. While that suggests that delaying litigation on the merits pending a decision on the notice issue might not be an efficient course to follow, that is not the question before the Court now, and may never be if no party asks to stay proceedings on the merits pending the outcome of Gemini's request for declaratory relief on that issue. The Court does not believe that the notice issue is so factually or legally complicated that litigating it in the context of this case will detract from the parties' ability to proceed on the merits, and also notes that the Secretary may have a practical interest in the outcome of that issue because it may affect the amount of recovery available to the Secretary and, ultimately, the ESOP participants, should the Secretary prevail. There would thus be some benefit to allowing the Secretary to have input on the issue, which can be accomplished if it is litigated in the context of this case.

    Consequently, the Court concludes that Gemini's interest in litigating the nature of Defendants' conduct is a sufficient interest to satisfy the liberal requirements of Rule 24(a). Because there is no argument that the motion is untimely, and because there is the possibility that the existing parties may not adequately protect Gemini's interest in this issue, the Court concludes that intervention is appropriate. It specifically

declines to answer the question of whether Gemini's desire to litigate the notice issue would, standing alone, justify intervention, since resolving that issue is unnecessary to the Court's decision.

### III. Conclusion

For the reasons set forth above, the Court grants the motion to intervene (Doc. 10). The Clerk shall detach and file the Complaint of Intervenor Gemini Insurance Company for Declaratory Judgment which is attached to the motion.

### IV. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge