UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, U.S. Department of Labor, | Case No. 2:16-cv-00612-JLG-CMV |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Vascura |
| **THOMAS E. POTTS, Jr**., et. al, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSENT ORDER AND JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of the United States Department of Labor (the "Secretary"), Defendants Thomas E. Potts, Jr. ("Potts") and Fiduciary Trust Services, Inc. ("FTS") (collectively "Defendants"), the Triple T Transport, Inc. Employee Stock Ownership Plan ("ESOP"),[1] and Triple T Transport, Inc. ("Triple T"),[2] have agreed to settle the matters in controversy between the Secretary and Defendants in this civil action and consent to the entry of this Consent Order and Judgment ("Consent Judgment") in accordance herewith.

A. The Secretary filed his complaint ("Secretary's Complaint") against Defendants and the ESOP on June 27, 2016, alleging that Defendants violated Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended ("ERISA"), in

---

[1] The ESOP is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

[2] Triple T voluntarily submits itself to the jurisdiction of this Court for the purpose of agreeing and subjecting itself to the terms of this Consent Judgment with respect to paragraph 12.

1

connection with the purchase by the ESOP of stock of Triple T from Triple T's prior shareholders on or about January 28, 2011 ("ESOP Transaction").

B. In the Secretary's Complaint, the Secretary alleged that Defendants approved the ESOP Transaction in reliance on a valuation opinion by Comstock Valuation Advisors, Inc. that Defendants knew or should have known contained serious flaws, which resulted in the stock purchased in the ESOP Transaction being significantly overvalued, causing the ESOP to suffer significant losses.

C. On January 9, 2017, Defendants filed an answer in response to the allegations made in the Secretary's Complaint.

D. On September 20, 2016, Gemini filed a motion to intervene in this action to assert claims for Declaratory Judgment and Breach of Contract against Defendants. Gemini's intervener complaint ("Gemini's Complaint") seeks a determination that, pursuant to professional liability insurance policies Gemini issued to Defendants, it is not obligated to defend or indemnify Defendants against the claims asserted in the Secretary's Complaint.

E. On December 15, 2016, the Court granted Gemini's Motion to Intervene.

F. On January 4, 2017, Defendants filed an answer to Gemini's complaint and asserted counterclaims of Breach of Contract, Unjust Enrichment, Promissory Estoppel, Declaratory Judgment, and Bad Faith ("Defendants' Counterclaims")[3] against Gemini. Defendants' claims for Unjust Enrichment and Promissory Estoppel have been voluntarily dismissed.  Defendants' Counterclaims against Gemini arise from Gemini's refusal to defend and indemnify Defendants against the claims asserted in the Secretary's Complaint.

---

[3] Subsequent references in this Consent Judgment to "Defendants' Counterclaims" include any future claims asserted by Defendants against Gemini that arise from the same operative facts.

2

G.      On January 9, 2017, Defendants filed an answer in response to the allegations made in the Secretary's Complaint.

H.      On October 5, 2017, the Court bifurcated the case and separated the claims between Gemini and Defendants from the Secretary's claims against the Defendants. The Court also ordered the claims between Gemini and Defendants stayed.

I.      Nothing in this Consent Judgment shall be construed as an admission or denial by Potts or FTS of the allegations set forth in the Secretary's Complaint.

J.      The Secretary and Defendants have agreed to resolve all matters in controversy in this action between them including the imposition by the Secretary of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l) ("502(l)"), but only to the extent as specifically stated herein and said parties do now consent to entry of this Consent Judgment by this Court in accordance therewith.

K.      The Secretary, Defendants, and Triple T (the "Parties") expressly acknowledge and represent that they have read this Consent Judgment and understand its provisions, and the signatory on behalf of each of the Parties expressly acknowledges and represents that he or she is authorized and empowered to execute this Consent Judgment.

L.      Defendants admit to the jurisdiction of this Court over them and the subject matter of this action.

M.      Gemini Insurance Company ("Gemini") and Defendants have not agreed to any settlement between them regarding their claims and counterclaims against each other.

NOW, THEREFORE, in consideration of the mutual covenants and agreements recited herein, which the Parties acknowledge constitute valuable and sufficient consideration, the Parties agree as follows, and it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the Parties and subject matter of this action and is empowered to provide the relief herein.

2. Judgment is entered in favor of the Secretary and against Defendants, jointly and severally, in the total amount of $2,475,000.00, consisting of $2,250,000.00 in losses to be restored to the ESOP, and a statutory penalty under ERISA § 502(l), 29 U.S.C. §1132(l), ("502(l)") of $225,000.00.

3. Defendants have demonstrated a current inability to pay the aforementioned $2,250,000.00 in losses to the ESOP and the associated 502(l) penalty, absent indemnification by Gemini, which issued professional liability insurance policies to Defendants, but has refused to defend or indemnify Defendants in this matter. Defendants' demonstration of their current inability to pay includes their completion of Declarations of Financial Status, executed under penalty of perjury, and their U.S. and state Tax Returns.

4. Due to Defendants' demonstrated inability to pay, the Secretary agrees to forebear execution or enforcement of the monetary provisions of this Consent Judgment against Defendants except: (1) as set forth in paragraphs 5 through 8, below, and (2) against the proceeds of a settlement with, or judgment against, Gemini, as set forth in paragraphs 9 through 11, below.

5. Defendants agree to pay a total sum of $456,500.00, pursuant to the terms of paragraphs 6 through 11, below.  Of the $456,500.00, an amount equal to $415,000.00 shall be paid directly to the ESOP, and shall be characterized as the "applicable recovery amount" as that term is defined in Section 502(l) of ERISA.  An amount equal to $41,500.00 shall be paid to the Secretary as the 502(l) penalty on the applicable recovery amount, consistent with paragraphs 13 and 14, below.

6. On or before November 19, 2018, Defendants shall pay, or cause to be paid, $72,727.00 to the ESOP and $7,272.70 to the Secretary as the 502(l) penalty on the applicable recovery amount (the "Lump Sum Payment"). Thereafter, beginning on November 1, 2019, and annually thereafter Defendants shall pay, or cause to be paid on or before November 1st of the given year, to the ESOP an annual installment payment of $48,896.15. Moreover, beginning on November 1, 2019, and annually thereafter Defendants shall pay, or cause to be paid on or before November 1st of the given year, to the Secretary an annual installment payment as a 502(l) penalty of $4,889.62. Defendants' obligation to make payments to the ESOP shall expire at the time a total of $415,000.00 has been paid to the ESOP, and $41,500.00 has been paid to the Secretary as a 502(l) penalty, including the Lump Sum Payment. Defendants may pre-pay any amounts, at any time, without penalty.

In the event that Potts's Income falls into one of the defined bands below, (a) through (i) (the "Bands") for the $48,896.15 and $4,889.62 payments to the ESOP and the Secretary, respectively, the payment amounts shall be: (i) increased or (ii) reduced and deferred, by the noted percentage. The Bands are as follows:

a. <= 75,000: 100% reduced and deferred
b. > $75,000 and <= $100,000: 75% reduced and deferred
c. > $100,000 and <= $150,000: 50% reduced and deferred
d. > $150,000 and <= $300,000: No adjustment
e. > $300,000 and <= $350,000: 10% increased
f. > $350,000 and <= $400,000: 20% increased
g. > $400,000 and <= $450,000: 30% increased
h. > $450,000 and <= $500,000: 40% increased
i. >$500,000: 50% increased

Notwithstanding the foregoing, if Defendants are not obligated to make a payment in a tax year due to income limitations, Defendants' total obligation of $415,000.00 is not reduced. Conversely, if Defendants are required to make an accelerated payment due to excess income,

5

Defendants' total obligation of $415,000.00 is not increased. Any amount of the annual payment that is reduced and not paid in the year it was originally due shall be deferred and added to the final payment due at the end of the payment plan. Any amount from an "increased" payment, paid above the annual payment amount, shall be credited towards the last payment.

For purposes of this paragraph, the term "Income" shall mean Adjusted Gross Income ("AGI") as defined by the Internal Revenue Service (but exclusive of Potts's spouse's W-2 income from any source other than FTS), plus any additional income attributed to Potts attributable to his ownership in FTS.

7. FTS elected to be treated as a "Subchapter S" corporation under the Internal Revenue Code, which results in FTS's net income being allocated to Potts and deemed part of Potts's Income. Potts represents that he has no present intention to change FTS's tax status. If FTS's tax status is changed, such that FTS's income is no longer allocated to Potts and deemed part of Potts's Income, the Income thresholds in paragraph 6 will be calculated using Potts's Income, plus the portion of FTS's total Income attributable to Potts on a pro rata basis based on his ownership percentage of FTS. Any successor to FTS shall be treated the same as FTS for purposes of this Consent Judgment.

8. Defendants shall provide copies of their Federal and all state tax returns on or before May 1 each year to the Secretary, or by November 1 if an extension is filed, to EBSA Regional Director, Cincinnati Regional Office, 1885 Dixie Hwy, Ste. 210, Ft. Wright, Kentucky 41011-2664.

9. If Defendants resolve through settlement their claims against Gemini in connection with Defendants' Counterclaims, the settlement proceeds shall be allocated as follows:

6

      a.      The first $1,176,471.00 of settlement proceeds shall be allocated as follows:

          i.      60% shall be paid to the ESOP, and shall be characterized as the "applicable recovery amount" as defined in Section 502(l) of ERISA.

          ii.      6% shall be paid to the Secretary as the 502(l) penalty on the applicable recovery amount for the payment required by this subparagraph.

          iii.      30.9091% shall be paid to the ESOP, on behalf of Defendants, up to the amount that remains outstanding on the $415,000.00 payment Defendants owe under paragraph 6, above.

          iv.      3.0909% shall be paid to the Secretary, on behalf of Defendants, up to the amount that remains outstanding on the $41,500.00 payment Defendants owe under paragraph 6, above.

      b.      Any Settlement Proceeds remaining after being allocated in accordance with the subparagraph (a) shall be allocated as follows:

          i.      54.5455% shall be paid to the ESOP, and shall be characterizes as the "applicable recovery amount" as defined under Section 502(l) of ERISA.

          ii.      5.4545% shall be paid to the Secretary as the 502(l) penalty on the applicable recovery amount for the payment required by this subparagraph.

          iii.      40% shall be paid to Defendants.

      c.      The amount payable to Defendants under subparagraph 9(b)(iii) above shall be capped at the total amount of payments made under paragraphs 5 and 6 and attorney's fees and costs paid by Defendants related to this litigation and the litigation of Defendants' Counterclaims. Any Proceeds of Settlement remaining after Defendants have

been allocated an amount sufficient to pay their attorney's fees and costs and any assessed 502(l) penalty, shall be allocated as follows:

      i.      90.9091% shall be paid to the ESOP.

      ii.     9.0909% shall be paid the Secretary as the 502(l) penalty on the applicable recovery amount for the payment required by this subparagraph.

      d.     For purposes of this paragraph, "Settlement Proceeds" includes all money received from Gemini in settlement (including consent judgment/decree) of Defendants' Counterclaims, regardless of how labeled, including, but not limited to, attorney fees, consequential damages, compensatory damages, punitive damages, and whether for breach of contract, bad faith, or other claims arising from the facts alleged in Defendants' Counterclaims.

10.     If Defendants are awarded a judgment against Gemini in connection with Defendants' Counterclaims, the Proceeds of Judgment shall be allocated as follows:

      a.     If the Proceeds of Judgment are equal to or greater than $2,475,000.00, $2,250,000.00 shall be paid to the ESOP (less any amounts Defendants have already paid to the ESOP pursuant to paragraphs 5 and 6, above) and $225,000.00 shall be paid to the Secretary, for the 502(l) penalty, consistent with paragraph 2, above, unless the Secretary has waived the 502(l) penalty. For avoidance of doubt, if the ESOP and the Secretary have been paid the full the amounts set forth in paragraph 2, above, and Defendants are awarded additional damages against Gemini on Defendants' Bad Faith claim against Gemini, Defendants are entitled to retain 100% of such additional amounts.

      b.      If the Proceeds of Judgment are less than $2,475,000.00, the Proceeds of Judgment shall be allocated in the same manner as Proceeds of Settlement under paragraph 9, above.

      c.      For purposes of this paragraph, "Proceeds of Judgment" includes all amounts awarded by a court as a result of contested litigation between Defendants and Gemini.  However, Proceeds of Judgment shall not include amounts awarded by the Court for Defendants' attorney's fees attributable to Defendants' Duty to Defend claim.

11.     If Defendants' Counterclaims are wholly unsuccessful or successful only insofar as a court awards Defendants' attorney's fees attributable to Defendants' Duty to Defend claim, but no other damages, Defendants' monetary liability under this Consent Judgment is limited to paying the amounts set forth in paragraphs 5 and 6, above.

12.     Triple T shall make dividend payments to the ESOP of $750,000.00 in equal payments over a ten year period starting with the 2018 plan year.  The allocation of these dividends shall be made by the ESOP's trustee to participants' plan accounts in accordance with the ESOP's governing plan documents. The dividend payments made by Triple T pursuant to this Consent Judgment shall be used to service the ESOP debt as a prepayment on the debt.  The shares of stock released from the suspense account as a result of such prepayment shall be allocated in accordance with the ESOP's governing plan documents.  The dividend payments shall not substitute for any contributions Triple T is required to make under the internal loan between Tripe T and the ESOP.  Rather, any prepayment of debt made as a result of the dividend payments is in addition to annual contributions that would otherwise be required.  These dividend payments shall not be used as any credit or in lieu of any distributions, contributions, dividend payments, or any other required payments under the terms of the ESOP's governing

9

plan documents. Moreover, as of the date the amounts the ESOP has received under paragraphs 5, 6, 9 and 10, plus any amounts Triple T has paid as dividends, equals $2,250,000.00, Triple T shall no longer be required to make dividend payments.

13. The Secretary hereby assesses a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of 20% of each "applicable recovery amount" as defined in ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2) ("502(l) Penalty") paid pursuant to this Order. However, the parties have entered into a compromise of said penalty, reducing the amount of the penalty payable pursuant to ERISA § 502(l) by 50% for the applicable recovery amounts set forth in paragraphs 2, 5, 6, and 9. Therefore, the Secretary hereby does and will accept, as full satisfaction of the assessed 502(l) Penalty for paragraphs 2, 5, 6, and 9, the payments as defined in those paragraphs.

14. With respect to all 502(l) Penalties assessed or paid pursuant to paragraphs 2, 5, 6, and 9, Defendants agree to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waive all legal rights to appeal, contest, or seek a further reduction of those assessments or payments.

15. Notwithstanding any other provision of this agreement, the Secretary may seek any judicial remedy available, including contempt, if the Defendants or Triple T fail to make the payments or pay the 502(l) penalties as required herein respectively or violate any other term of this Consent Judgment. Should Defendants fail to pay the amounts on or before the dates set forth herein, the entire amount of the unpaid balance shall become immediately due and payable with post-judgment interest pursuant to 28 U.S.C. § 1961 without further notice by the Secretary to Defendants. Any rights to challenge or contest the validity of this Consent Judgment are hereby waived.

16. Potts and FTS will resign from their position of Trustee for the ESOP and not

serve as a fiduciary or service provider to the ESOP effective as of the date this Consent Judgment is entered.

17. Within 10 days of any required payment under this Consent Judgment, Defendants shall provide proof of such payment to the EBSA Regional Director, Cincinnati Regional Office, 1885 Dixie Hwy, Ste. 210, Ft. Wright, Kentucky 41011-2664.

18. Within 7 days of receiving the proceeds of any judgment or settlement, Defendants shall pay the ESOP and the Secretary, as required by this Consent Judgment. Within 10 days of receiving the proceeds of any judgment or settlement, Defendants shall provide proof of payment, along with an accounting of the proceeds to the EBSA Regional Director, Cincinnati Regional Office, 1885 Dixie Hwy, Ste. 210, Ft. Wright, Kentucky 41011-2664. Defendants shall hold any proceeds of a judgment or settlement that are payable to the ESOP or the Secretary in trust for the exclusive benefit of the ESOP or the Secretary, as applicable.

19. All payments to the ESOP required under this Consent Judgment, other than dividend payments as required under paragraph 12, will not be used to service the ESOP debt, are for the sole benefit of ESOP participants, whose accounts were allocated shares between January 28, 2011, and the date of entry of this Consent Judgment. The allocation of the payments shall specifically include former participants who vested in the ESOP before the date of the entry of this Consent Judgment.  The trustee of the ESOP shall allocate the payments required by this Consent Judgment to each participant in the ESOP in proportion to the number of shares that were released from the ESOP suspense account and allocated to each participant between January 28, 2011, and the date of entry of the Consent Judgment. To enable the trustee of the ESOP to fulfill its payment allocation obligations under this paragraph of the Consent Judgment, the trustee will obtain from Triple T (or its record keeper for the ESOP) the required allocation

calculation. These payments shall not replace or be paid in lieu of a contribution to the ESOP by Triple T for any plan year. Moreover, notwithstanding anything to the contrary contained in this paragraph 18, the terms and conditions of the ESOP plan document apply to all payments to the ESOP.

20. All payments under this Consent Judgment for 502(l) penalties shall be paid via regular mail to the following address:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360

Payment(s) shall be made by check payable to the United States Department of Labor and shall reference EBSA Case No. 43-007969(48).

21. Defendants shall not seek or receive indemnification from Triple T or from the ESOP for any payment required by this Consent Judgment or for any other amounts including, but not limited to, attorney's fees and costs and/or expenses relating to the Secretary's Complaint, Gemini's Complaint, and/or Defendants' Counterclaims, and for any litigation, investigation, or other activity related to the foregoing.

22. This Consent Judgment constitutes the entire agreement of the Parties relating in any way to the Secretary's Complaint and the settlement thereof, expressly superseding any and all prior discussions, promises, commitments, representations, assurances or agreements of any kind or nature. This Consent Judgment may only be amended in writing, signed by all of the Parties, and approved by the Court.

23. The Parties represent and warrant that they have not assigned all or part of any claim, demand, debt, or cause of action of any kind or nature released in this Consent Judgment to any other person or third-party prior to executing this Consent Judgment.

24. This Consent Judgment shall be binding on, and shall inure to the benefit of, the Parties, as well as their successors and assigns. This Consent Judgment shall not be binding on any governmental agency other than the United States Department of Labor.

25. The Parties shall each bear his or its own costs and expenses, including attorneys and other professionals' fees, incurred in the investigation and resolution of the Secretary's Complaint and the settlement relating thereto. This paragraph is not intended to preclude Defendants from seeking to recover their attorney's fees or costs from Gemini.

26. By entering into this Consent Judgment, the Parties represent that they have been informed by their legal counsel of the effect and purpose of this Consent Judgment and agree to be bound by its terms.

27. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

28. This Court shall retain jurisdiction over the Parties and subject matter of this action for the purpose of enforcing and/or interpreting the terms of this Consent Judgment.

29. This is a final judgment under Fed. R. Civ. P. 54.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2018.

/s/ James L. Graham
**JAMES L. GRAHAM**
United States District Judge