**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GEMINI INSURANCE COMPANY,** | |
| Intervenor Plaintiff, | Case No. 2:16-cv-612 |
| v. | Judge James L. Graham |
| **THOMAS E. POTTS, JR., et al.**, | Magistrate Judge Chelsey M. Vascura |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of cross motions for summary judgment. Intervenor Plaintiff Gemini Insurance Company ("Gemini") moves for summary judgment on its claims for declaratory judgment and breach of contract against Defendants Fiduciary Trust Services, Inc. and Thomas E. Potts, Jr. (collectively, "Defendants") and Defendants' breach of contract, declaratory judgment, and bad faith counterclaims. (ECF No. 91.) Defendants move for partial summary judgment on the issue of Gemini's duty to defend. (ECF No. 89.) For the reasons that follow, Defendants' motion is **DENIED**, and Gemini's motion is **GRANTED**.

**I.  BACKGROUND**

**A.  Factual Background**

Fiduciary Trust Services, Inc. ("FTS") provides independent, third-party trustee services to employee stock ownership programs ("ESOPs"). (Ex. 1, ECF No. 99 at 2510.) Its menu of services includes consultation concerning corporate governance issues, internal communications, and serving on boards of directors of ESOP-owned companies. (*Id.*) Mr. Potts served as President and Chief Executive Officer of FTS and as a trustee and fiduciary for the Triple T Transport, Inc. ESOP. (Ans. ¶¶ 5, 10, ECF No. 20 at 278–79.)

On January 28, 2011, Mr. Potts executed a Stock Purchase Agreement on behalf of the ESOP. (*Id.* at ¶ 10.) Defendants relied on a flawed valuation opinion to purchase the stock, which resulted in the stock being significantly overvalued and caused a significant financial loss to the ESOP. (ECF No. 68 at 610.) On December 10, 2015, the Employee Benefits Security Administration referred the matter to the Solicitor for litigation of Defendants' violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Ex. 5, ECF No. 19 at 262.)

Gemini issued two professional liability insurance policies to Defendants. The first policy, "VNPL001356," provided coverage from September 1, 2014 through September 1, 2015 (hereinafter, "Gemini Policy #1"). (Intervenor Compl. at ¶ 2; Ex. 1, ECF No. 19-1.) The second policy, "VNPL001872," provided coverage from September 1, 2015 through September 1, 2016 (hereinafter, "Gemini Policy #2"). (*Id.* at ¶ 3; Ex. 2, Doc. 19-2.) The two policies contain the same section entitled, "EXCLUSIONS," which reads as follows:

This Policy does not apply to any Claim or Claim Expenses Arising Out Of any actual or alleged:

J) Violation of or failure to comply with the Employee Retirement Income Security Act of 1974 (ERISA) or similar provisions of any Federal, State or local statutory law or common law.

(Ex. 22, ECF No. 91-23 at 1401; Ex. 23, ECF No. 91-24 at 1440.)

**B. Procedural Background**

On June 27, 2016, former Secretary of the United States Department of Labor, Thomas E. Perez, (the "Secretary"), filed this action against FTS, Mr. Potts, and Triple T Transport, Inc. Employee Stock Ownership Plan alleging ERISA violations. (ECF No. 1.) The Secretary's First Cause of Action is titled "Prohibited transaction in violation of ERISA § 406(a)(1)(A) and (D)."

(*Id.* at ¶¶ 30–32.) The Secretary's Second Cause of Action is titled "Disloyalty, imprudence, and failure to comply with plan documents in violation of ERISA § 404(a)(1)(A), (B), and (D)." (*Id.* at ¶¶ 33–35.) Both claims alleged that Mr. Potts and FTS "are jointly, severally, and personally liable pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a)." (*Id.* at ¶¶ 32, 35.)

On September 20, 2016, Gemini moved to intervene, asserting its claims for declaratory judgment and breach of contract against Defendants. (ECF No. 10.) The Court granted Gemini's Motion to Intervene on December 15, 2016. (ECF No. 18.) Gemini seeks a determination that pursuant to the professional liability insurance policies it issued Defendants, it is not obligated to defend or indemnify Defendants against the Secretary's ERISA claims due to the ERISA exclusion contained in both policies. (ECF No. 19.)

On October 5, 2017, the Court bifurcated the case and separated the claims between Gemini and Defendants from the Secretary's claims against Defendants and stayed the claims between Gemini and Defendants. (ECF No. 33.)

On November 19, 2018, the Secretary and Defendants settled the Secretary's ERISA claims against Defendants for $2,475,000. (ECF No. 68 at 612.) Due to Defendants' demonstrated inability to pay that amount, the Secretary and Defendants agreed that Defendants are only obligated to pay $456,500. (*Id.*) The Secretary may only collect the remaining amount if the Gemini insurance policies cover the Secretary's ERISA claims. (*Id.*)

On December 23, 2019, Gemini and Defendants filed cross motions for summary judgment. The motions are fully briefed and ripe for consideration.

## II. STANDARD OF REVIEW

Both parties have moved for summary judgment under Federal Rule of Civil Procedure 56. Under Rule 56, summary judgment is proper if the evidentiary materials in the record show that

3

there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt,* 586 F.3d 459, 465 (6th Cir. 2009). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

The movant's burden is to demonstrate "the absence of a genuine issue of material fact as to at least one essential element on each of the [non-movant's] claims." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 322). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Conversely, material facts in genuine dispute that "may reasonably be resolved in favor of either party" require denial of summary judgment in order to be properly resolved by a jury. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). When ruling on a motion for summary judgment, a court must assume as true the evidence of the non-moving party and draw all reasonable inferences in that party's favor. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 158-59 (1970)). A court must avoid "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts," which are "jury functions" that are inappropriate to employ at the summary judgment stage. *Id*.

There is no obligation to "grant judgment as a matter of law for one side or the other," simply because the parties have filed simultaneous cross-motions for summary judgment. *Profit Pet v. Arthur Dogswell, LLC*, 603 F.3d 308, 312 (6th Cir. 2010) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). Instead, "a 'court must evaluate each party's motion

on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Id*. (quoting *Taft*, 929 F.2d at 248). Each motion must be evaluated under the standard requiring the Court to "view all facts and inferences in the light most favorable to the non-moving party." *Travelers Prop Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc*., 598 F.3d 257, 264 (6th Cir. 2010) (quoting *Beck v. City of Cleveland, Ohio*, 390 F.3d 912, 917 (6th Cir. 2004)).

### III. DISCUSSION

Defendants move for partial summary judgment on the issue of Gemini's duty to defend. Gemini moves for summary judgment on all claims between the parties, arguing that: 1) both of Defendants' Gemini-issued insurance policies exclude ERISA claims and 2) Defendants failed to provide claims-made notice as required by the policies.

The Court begins with Gemini's primary argument concerning the ERISA exclusion, as Gemini bears the burden of proving the applicability of the exclusion to the policies it issued Defendants. *St. Marys Foundry, Inc. v. Emplrs. Ins. of Wausau*, 332 F.3d 989, 993 (6th Cir. 2003) (citing *Cont'l Ins. Co. v. Louis Marx & Co.*, 64 Ohio St. 2d 399, 401-02, 415 N.E.2d 315, 317 (1980)).

It is undisputed that the Secretary only brought ERISA claims against Defendants.

Gemini argues that the ERISA exclusion contained in Defendants' policies is unambiguous, and that Ohio law requires this Court to give the plain language of the exclusionary clause effect. (ECF No. 91 at 1249) (citing *Thomas Noe, Inc. v. Homestead Ins. Co.*, 173 F.3d 581, 583 (6th Cir. 1999)). Gemini further asserts that ERISA exclusions are standard and numerous courts have found that such an exclusion eliminates coverage for defense and indemnity of ERISA claims. (*Id.*) (collecting cases).

5

Defendants respond that the ERISA exclusion is ambiguous and is a standard exclusion limited to employee benefits claims. (ECF No. 95 at 2425–26.)  Defendants argue that to apply the exclusion beyond employee benefit claims would undermine the nature of the professional services insurance contract between the parties and render coverage illusory.[1]

Gemini counters that: 1) there is no facial ambiguity as applied to the Secretary's ERISA claims; 2) the exclusion is not limited to any subset of ERISA claims; and 3) there is no conflict between the policies' "professional services" definition and the ERISA exclusion, because there are many other non-ERISA claims, which the policy would apply to. (ECF No. 99 at 2494.)

### A. The ERISA exclusion is unambiguous.

"An insurance policy is a contract whose interpretation is a matter of law." *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 2007-Ohio-4917, ¶ 7, 115 Ohio St. 3d 306, 307, 875 N.E.2d 31, 33 (internal quotations and citations omitted).  Courts "use ordinary principles of contract interpretation to determine whether an exclusion in an insurance policy is ambiguous." *St. Marys Foundry, Inc. v. Emplrs. Ins. of Wausau*, 332 F.3d 989, 993 (6th Cir. 2003).  Courts must examine "the policy language and rely on the plain and ordinary meaning of the words used to ascertain the intent of the parties to the contract." *G & K Mgmt. Servs. v. Owners Ins. Co.*, 2014-Ohio-5497, ¶ 19, 24 N.E.3d 1230, 1234 (Ct. App.).

The policy exclusion at issue here states:

This Policy does not apply to any Claim or Claim Expenses Arising Out Of any actual or alleged:

---

[1] Defendants also note the absence of Gemini's ERISA exclusion argument from Gemini's Motion for Judgment on the Pleadings. (ECF No. 95 at 2428.) Nevertheless, the Court finds that Gemini has not waived its argument concerning the ERISA exclusion, as Gemini's intervenor complaint alleged, "[D]efendants are not owed any indemnity or defense rights because this lawsuit alleges a violation of or failure to comply with the Employee Retirement Income Security Act of 1974 (ERISA)." (ECF No. 19 at 187.)

6

J) Violation of or failure to comply with the Employee Retirement Income Security Act of 1974 (ERISA) or similar provisions of any Federal, State or local statutory law or common law.

As Defendants point out, "The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect." *Lane v. Grange Mut. Cos.*, 45 Ohio St. 3d 63, 65, 543 N.E.2d 488, 490 (1989). In the policy exclusion detailed above, Gemini identified the ERISA statute and specified in clear, exact terms that the policy does not apply to any claim or claim expenses arising out of an ERISA violation. The language of the contract is clear, and the Court need look no further than the writing itself to determine the intent of the parties. *Nelson v. Shafer*, 2013-Ohio-5836, ¶ 8 (Ct. App.)

As the ERISA exclusion is unambiguous, this Court must give the plain language of the exclusion effect. *Thomas Noe, Inc. v. Homestead Ins. Co.*, 173 F.3d 581, 583 (6th Cir. 1999) ("Where an exclusionary clause in an insurance contract is unambiguous, Ohio law requires that the plain language of the clause be given effect.") It therefore follows that the Secretary's ERISA claims are excluded from coverage under the terms of the insurance policies Gemini issued Defendants.

**B. The ERISA exclusion is not limited to employee benefit claims.**

Moreover, the ERISA exclusion broadly applies to any claim or claim expense arising out of ERISA violations. There is nothing within the policy language to suggest the exclusion only applies to employee benefits claims. "Courts generally seek to effectuate the insured's expectations—just not when those purported expectations clash with unequivocal contrary language." *St. Marys*, 332 F.3d at 997. Here, the unequivocal language of the ERISA exclusion clearly demonstrates the intent to exclude any claim stemming from an alleged or actual ERISA violation without limiting the exclusion's applicability to a particular subset of ERISA claims. If

the language of the contract is clear and unambiguous, "courts will not 'rewrit[e] the contract when the intent of the parties is evident.'" *Goodyear Tire & Rubber Co. v. Nat'l Union Fire Ins. Co.*, 694 F.3d 781, 782 (6th Cir. 2012) (quoting *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 64 Ohio St. 3d 657, 665, 597 N.E.2d 1096, 1102 (1992)). Courts are not permitted "to change the obvious intent of a provision just to impose coverage." *Hybud Equip. Corp.,* 597 N.E.2d at 1102 (1992). Therefore, the Court finds, as a matter of law, that the ERISA exclusion applies to any ERISA claim and is not limited to employee benefit claims.

### C. There is no conflict between the exclusion and definition of "professional services."

Finally, Defendants argue that enforcing the broad ERISA exclusion would conflict with the policies and render coverage illusory. The two policies define "professional services" as:

Solely in the performance of providing services as a trustee and/or independent fiduciary for Employee Stock Ownership Plans for others for a fee. (ECF No. 91-23 at 1424; ECF No. 91-24 at 1447.)

"A contract is illusory and unenforceable where one party's obligations are so vague and indefinite that the other party is left to guess at his obligation." *7 Med. Sys., LLC v. Open Mri of Steubenville*, 2012-Ohio-3009, ¶ 39 (Ct. App.) (citing *Nat'l Wholisticenter v. George E. Wilson Co.*, 2002-Ohio-5039, ¶ 20 (Ct. App.)). Therefore, "courts generally attempt to interpret a contract to avoid a result which renders the contract illusory." *Id.* at ¶ 40 (citing *State v. Stanley,* 2002-Ohio-4372, ¶ 22 (Ct. App.)). Under Ohio law, "where there is some benefit to an insured through an insurance policy, it is not illusory." *Collins v. Auto-Owners Ins. Co.*, 2017-Ohio-880, ¶ 28, 80 N.E.3d 542, 551 (Ct. App.).

Gemini has provided several examples of professional services claims outside of the policies' ERISA exclusion. For instance, Gemini cites to this Court's opinion in *Flanagan*

8

*Lieberman Hoffman & Swaim v. Transamerica Life & Annuity Co.*, 228 F. Supp. 2d 830, 849 (S.D. Ohio 2002), where the Court recognized that a negligent representation claim may have an effect on the relationship between the parties, but not on their ERISA relationship.  There, the Court concluded that the negligent misrepresentations the defendant gave regarding employee compensation were "merely a tort action, resulting from communications that had nothing to do with the terms of the Plan." *Id.*  As the record evidence indicates that Defendants, acting as trustee, advise ESOPs on corporate governance issues such as executive and director compensation (Potts Dep. 27:17–28:6, ECF No. 91-7 at 1283), the Court finds that the policies are not illusory, as they would provide coverage on non-ERISA professional services claims.  *See Wright v. Larschied*, 2014-Ohio-3772, ¶ 36 (Ct. App.) (finding at least one example to which coverage would apply as providing some benefit and rendering policy non-illusory).  Therefore, even though the insurance policies at issue do exclude Defendants' ERISA claims, they do provide Defendants some benefit through coverage on non-ERISA professional services claims, and there is no conflict rendering coverage illusory.

Gemini submits that if the Court finds that the ERISA exclusion contained in both policies applies to the Secretary's ERISA claims against Defendants, this determination moots all other insurance-related claims in this case, including the issue of Gemini's duty to defend.  The Court agrees and finds that, as a matter of law, summary judgment in Gemini's favor is warranted on all claims between Gemini and Defendants.  Pursuant to the professional liability insurance policies Gemini issued Defendants, Gemini is not obligated to defend or indemnify Defendants against the Secretary's ERISA claims due to the ERISA exclusion contained in both policies.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion (ECF No. 89) is **DENIED**, and Gemini's motion (ECF No. 91) is **GRANTED**.

The Clerk is instructed to enter final judgment in favor of Intervenor Plaintiff Gemini on all of its claims against Defendants and all of Defendants' counterclaims against Gemini.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 15, 2020